IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD NEWELL,                                                     OPINION AND ORDER

                     Petitioner,                                  12-cv-432-bbc

    v.

JUDY P. SMITH, Warden,
Oshkosh Correctional Institution,

                     Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Donald Newell, an inmate at the Oshkosh Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and two supplements to his petition. Dkts. ##1-3. He has paid the $5 filing fee. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts.

       Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4 of the Rules Governing Section 2254 Cases, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." From this court's preliminary review under Rule 4, it appears that all but one claim raised in the petition is barred from federal review by the doctrine of procedural default. Petitioner will be offered an

1

opportunity to show whether his defaulted claims fit within an exception to the procedural bar.

From petitioner's submissions, including the decision issued in connection with petitioner's direct appeal as well as orders from the trial court and the court of appeals on his subsequent motion for postconviction relief, I find the following facts.

BACKGROUND

Petitioner challenges an August 2, 2007 judgment of conviction on ten counts of second-degree sexual assault for having intercourse with a person suffering a mental deficiency. A jury in the Circuit Court for Chippewa County found petitioner guilty as charged in that case (No. 2006CR122) after considering petitioner's written confession, in which he admitted having anal intercourse with the victim ten to twelve times, and testimony from the victim, who suffers from a number of physical and mental disabilities. On October 16, 2007, petitioner received a concurrent 21-year sentence on each count, consisting of six years' initial confinement followed by 15 years' extended supervision. On September 25, 2008, the circuit court increased the term of initial confinement to eight years.

On February 10, 2009, petitioner filed an application for a writ of habeas corpus under 28 U.S.C. § 2254, listing the following grounds: (1) "Re: Supreme Court Indiana v. Edwards"; (2) "IQ tests are not deterministic"; (3) he was denied a jury of his peers; and (4) "someone" threatened and intimidated witnesses. On February 12, 2009, this court summarily dismissed the petition for failure to articulate sufficient facts in support of his claims or to exhaust available state court remedies before seeking federal habeas relief. Newell v. State of Wisconsin, No. 09-cv-76-bbc, dkt. #2.

On February 18, 2009, petitioner filed an appeal of his conviction in the Wisconsin Court of Appeals, arguing that his confession was not corroborated sufficiently to support a conviction on ten counts of sexual assault. The court of appeals rejected this argument and affirmed the conviction on May 11, 2010. State v. Newell, 2010 WI App 84, 326 Wis. 2d 264, 787 N.W.2d 59 (unpublished). The Wisconsin Supreme Court denied petitioner's petition for review on September 21, 2010.

On November 15, 2010, petitioner filed a second application for a writ of habeas corpus under 28 U.S.C. § 2254. In that pleading, petitioner raised 25 grounds. After observing that only one of those grounds had been exhausted at the state court level, the court asked petitioner whether he wished to proceed with his sole exhausted claim or dismiss the petition in its entirety and refile it after he had exhausted all of his claims. Newell v. Smith, No. 10-cv-707-bbc, dkt. #8. Petitioner responded that he wished to dismiss his petition and return to state court. Id., dkt. #9. This court reminded petitioner to "act diligently to insure that his federal habeas clock does not expire" and dismissed the petition without prejudice on January 12, 2011 for failure to exhaust all available state court remedies. Id., dkt. #10.

According to the exhibits and public records available electronically, petitioner filed a motion on February 16, 2011 asserting 25 claims in state court. The circuit court construed the submission as a motion for postconviction relief under Wis. Stat. § 974.06 and found that petitioner's claims were procedurally barred. Petitioner did not appeal.

On April 5, 2011 petitioner filed a second motion with the circuit court under Wis. Stat. § 974.06, repeating all 25 claims. The circuit court denied that motion on April 29, 2011, concluding that the claims "remained procedurally barred" and, alternatively, the claims had "no

3

appellate merit on their face[.]" The court of appeals agreed that petitioner's arguments "have either already been litigated or are procedurally barred" and affirmed the circuit court's order in an unpublished opinion. State v. Newell, 2012 WI App —, ¶ 4, — N.W.2d —, 2012 WL 1673627 (May 15, 2012) (No. 2011 AP1605). In that same opinion, the court of appeals concluded that the appeal was "frivolous" and imposed sanctions against petitioner for engaging in "repetitively litigating the same matters in his postconviction motions." Id. , 2012 WI App —, ¶ 7. Petitioner did not appeal further by filing a petition for review with the Wisconsin Supreme Court.

On June 20, 2012, filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that he is entitled to relief on the following grounds: (1) the victim was competent to engage in relations; (2) petitioner lacked intent to harm the victim; (3) the evidence was insufficient to corroborate petitioner's confession; (4) trial counsel was ineffective; (5) petitioner was denied witnesses; (6) petitioner was denied evidence; (7) the trial judge was biased toward people with disabilities; (8) petitioner was tricked into incriminating himself; (9) petitioner's sentence is too harsh because he did not commit an act of violence; (10) he was not allowed to cross-examine the prosecution's expert psychologist, who gave testimony that was both unreliable and biased; (11) the jury, which consisted of eleven women and one man, was not impartial; (12) the "totality of the circumstances" resulted in a denial of "constitutional protections" and a "very suspect conviction"; (13) IQ tests failed to prove that the victim was incompetent or mentally disabled; (14) testimony from the prosecution's "paid expert witness" lacked credibility; (15) both petitioner and the victim were punished for filing a criminal complaint against a public official; (16) the charges against petitioner are unjust and constitute

4

"malicious prosecution"; (17) the jury was prejudiced against the idea of a person in a wheelchair falling in love; (18) the trial judge "should have recused himself" from the proceedings; (19) the trial court "only allowed one biased interpretation about mental illness"; (20) petitioner's punishment was increased improperly on resentencing and his counsel did not object; (21) the government ignored petitioner's criminal complaint against a public official; (22) public officials "harassed, threatened, and intimidated" petitioner's witnesses; (23) the state did not present "any evidence" that the victim was incompetent during their "mutual affair"; and (24) the victim suffered mental abuse and "brainwashing by another party."

Petitioner concedes that only one of his grounds of relief (the corroboration claim found in ground (3) was raised properly before the Wisconsin Supreme Court, which denied review on direct appeal. The state court of appeals' decision confirms that petitioner presented his claim that the state failed to corroborate his confession. The court of appeals addressed his corroboration claim on the merits and petitioner sought review by the state supreme court. Therefore, petitioner's corroboration claim (ground 3) has been exhausted.

The remaining 23 claims in the pending petition (grounds 1-2 and 4-24) were reportedly raised in petitioner's postconviction motion under Wis. Stat. § 974.06. To the extent that these claims were raised at all, the last state court to consider them, the court of appeals, found that they were procedurally barred. State v. Newell, 2012 WI App —, ¶ 4, — N.W.2d —, 2012 WL 1673627 (May 15, 2012) (No. 2011AP1605). Petitioner did not file a petition for review from that decision with the Wisconsin Supreme Court. It follows that petitioner did not exhaust his remedies with respect to all of his grounds for relief and that he has filed yet another "mixed" petition, containing both exhausted and unexhausted claims. It further follows that all grounds

other than the corroboration claim (ground 3) are unexhausted and subject to dismissal as procedurally barred from federal habeas review for reasons outlined further below.

OPINION

As I explained to petitioner in his previous habeas cases, before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). When the petitioner has already pursued his state court remedies but failed to properly present his claims to the state courts along the way, "it is not the exhaustion doctrine that stands in the path to habeas relief . . . but rather the separate but related doctrine of procedural default." Perruquet, 390 F.3d at 514. The procedural default doctrine requires that state prisoners "not only become ineligible for state relief before raising their claims in federal court, but also that they give state courts a sufficient opportunity to decide those claims before doing so." O'Sullivan, 526 U.S. at 854 (Stevens, J., dissenting). Under the procedural default doctrine, a federal court is precluded from reaching the merits of a habeas claim if the petitioner either 1) failed to present his claim to the state courts and it is clear that those courts would now hold the claim procedurally barred or 2) presented his claim to the state courts but the state court dismissed the claim on a state procedural ground independent of the federal question and adequate to support the judgment. Perruquet, 390 F.3d at 514 ; Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001).

Petitioner has exhausted his state court remedies only with respect to the corroboration

claim lodged in ground 3. As for his remaining claims in grounds 1-2 and 4-24, the last court to consider them concluded that they were procedurally barred by Wis. Stat. § 974.06(4) and State v. Esalona-Naranjo, 185 Wis.2d 168, 517 N.W.2d 157 (1994), which prohibit successive motions and appeals unless the defendant can show a sufficient reason for his failure to raise the issues previously. State v. Newell, 2012 WI App —, ¶ 4, — N.W.2d —, 2012 WL 1673627 (May 15, 2012). Thus, the state court clearly relied on adequate and independent state law grounds to dismiss petitioner's remaining claims. Perry v. McCaughtry, 308 F.3d 682, 690-91 (7th Cir. 2002). Under these circumstances, it is safe to conclude that there are no avenues of relief available for petitioner to pursue his remaining claims and that he has procedurally defaulted these claims for purposes of federal review. Id. at 692.

      Where a petitioner has procedurally defaulted a claim in state court, federal habeas corpus review is available only if he can demonstrate: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Cause to overcome a procedural default requires a showing "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). To show prejudice, a petitioner must present evidence that the errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Perruquet v. Briley, 390 F.3d 505, 515 (7th Cir. 2004) (quoting United States v. Frady, 456 U.S. 152 (1982) (emphasis omitted). The fundamental-miscarriage-of-justice exception requires a showing "that a

constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 393 (2004) (quotation omitted).

Because procedural default is an affirmative defense, petitioner was not required to show cause and prejudice or actual innocence in his petition. Perruquet, 390 F.3d at 515. Nevertheless, a court may raise an affirmative defense before requiring the state to answer if "it is so plain from the language of the complaint and other documents in the court's files that it renders the suit frivolous." Gleash v. Yuswak, 308 F.3d 758, 760-61 (7th Cir. 2002) ("Under the circumstances there was no point to serving the defendants with process, forcing them to engage counsel, and then waiting for the inevitable motion to dismiss."). I conclude that a motion to dismiss the defaulted claims (grounds 1-2 and 4-24) as procedurally barred is "inevitable" in this case.

Therefore, petitioner will be allowed an opportunity to overcome his default by supplementing his petition to explain (1) what cause he may have for his failure to properly present his defaulted claims (grounds 1-2 and 4-24) to the trial court in the first place and his failure to raise these claims on appeal or in a motion for postconviction relief before raising them on appeal; and (2) what prejudice he suffered as a result of his failure to raise these claims properly; or (3) whether he is actually innocent of the crime for which he is imprisoned. He should label his document a "supplement to his petition for a writ of habeas corpus under § 2254" and make sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242 (petition must be "signed and verified" by petitioner).

ORDER

IT IS ORDERED that

1. With respect to the claims petitioner Donald A. Newell identifies as grounds 1-2 and 4-24, petitioner may have until August 24, 2012 to file a supplement to his petition explaining (1) his reasons for failing to adequately raise his claims before the state courts; (2) how he has been prejudiced by his failure to raise these claims properly; or (3) whether he is actually innocent of the crime for which he is imprisoned. If petitioner fails to respond by August 24, 2012, grounds 1-2 and 4-24 will be dismissed as barred by the doctrine of procedural default.

2. With respect to the claim petitioner identifies as ground (3) (failure to corroborate his confession), an order directing the respondent to answer with respect to this claim is STAYED pending petitioner's supplement regarding his defaulted claims.

Entered this 11th day of July, 2012.

                                                BY THE COURT:
                                                /s/
                                                BARBARA B. CRABB
                                                District Judge